# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Adam Christopher Pepper, | ) | Civil Action No.: 0:17-cv-01998-JMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security Administration ("the Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). (ECF No. 1.) This matter is before the court for review of Magistrate Judge Paige J. Gossett's ("Magistrate Judge") Report and Recommendation ("Report") filed on August 27, 2018, recommending that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative proceedings. (ECF No. 30.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 30.) As brief background, the ALJ determined that Plaintiff had not been disabled, for purposes of the Social Security Act, from the alleged onset date of April 3, 2010, through the date last insured of December 31, 2015, because Plaintiff did not have an impairment that met or medically equaled one of the listed impairments in 20 C.F.R. Part

404, Subpart P, Appendix 1 ("the Listings"). (*Id.* at 3-4.) In reaching that conclusion, the ALJ also reasoned that Plaintiff possessed the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), and jobs existed in significant numbers, within the national economy, for Plaintiff to perform. (ECF No. 9-2 at 19, 29.) On May 30, 2017, the Appeals Council ("the Council") denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 9-2 at 2.) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). On July 28, 2017, Plaintiff filed his Complaint against the Commissioner. (ECF No. 1.)

On August 23, 2018, the Magistrate Judge held oral argument, and both parties were represented by counsel. (ECF No. 29.) The Magistrate Judge determined that the ALJ's reasons for not giving substantial weight to the VA's disability rating were insufficient in light of precedent from the United States Court of Appeals for the Fourth Circuit and prevented the court from determining whether the reasons were persuasive, specific, and valid. (*Id.* at 7-9.) Because the ALJ's reasons were insufficient, the Magistrate Judge recommended that the Commissioner's decision be reversed and the matter be remanded for further consideration. (*Id.* at 8-9.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains

2

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were notified of their right to file objections on August 27, 2018. (ECF No. 30 at 10.) The Commissioner notified the court of her intention not to file objections to the Magistrate Judge's Report. (ECF No. 31 at 1.) Likewise, Plaintiff did not object to the Magistrate Judge's Report.

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence as it relates to Plaintiff's disability and is questionable under Fourth Circuit precedent. (ECF No. 30 at 7-9.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 30) and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the Commissioner for further administrative proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 2, 2018
Columbia, South Carolina